IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Broadcast Music, Inc.; Stone Diamond Music Corp.; Emi Virgin Songs, Inc. d/b/a Emi Longitude Music; Sure-Fire Music Company, Inc.; House of Cash, Inc.; Sony/ATV Songs LLC - Sony ATV Tree Publishing d/b/a Sony/ATV Tree Publishing; Rondor Music International, Inc. d/b/a Irving Music; Sony/ATV Songs LLC; Suffer in Silence Music; Sams Jamming Songs; Concord Music Group, Inc. d/b/a Jondora Music, <br><br>      Plaintiffs, <br><br>   v. <br><br>Barbara Sue Medlin, individually and d/b/a Sue's Wings & Things, <br><br>      Defendant. | Civil Action No.: <br> 8:14-cv-00559-JMC <br><br> **OPINION AND ORDER** |

This matter is before the court on Plaintiffs' Petition for Attorney Fees and Costs ("Petition for Fees and Costs"). (ECF No. 15.) Plaintiffs' Petition for Fees follows the court's Order granting Plaintiffs' Motion for Default Judgment. (ECF No. 13.) Pursuant to 17 U.S.C. § 505 (1976) and the court's Judgment in favor of Plaintiffs (ECF No. 14), Plaintiffs seek attorney and paralegal fees in the amount of $2,239.50 and costs in the amount of $497.82 – for a total of $2,737.32. (ECF No. 15.) Defendant has filed no response to the court's Judgment and Plaintiffs' Petition for Fees and Costs. For the following reasons, the court **GRANTS** Plaintiffs' Petition for Fees and Costs in full.

1

## I. RELEVANT BACKGROUND TO PENDING MOTION

On February 28, 2014, Plaintiffs filed a Complaint against Defendant alleging copyright infringement in violation of the United States Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. §§ 101–805. (ECF No. 1.) Defendant did not timely file an Answer or otherwise plead, as reflected in the Affidavit of Default and of Non-military Service filed on April 28, 2014. (ECF No. 7-1.) The Clerk of Court properly entered default as to Defendant on April 28, 2014. (ECF No. 8.) On July 1, 2014, Plaintiffs filed a Motion for Default Judgment which the court granted on January 30, 2015. (ECF Nos. 9, 13.) The court's Judgment provided that Plaintiffs recover $28,000.00 from Defendant, which included post judgment interest at the rate of .17 %, along with costs including reasonable attorney's fees. (ECF Nos. 13, 14.) Thereafter, Plaintiffs filed the instant Petition for Fees and Costs along with supporting Declarations by Bernie W. Ellis (ECF No. 15-1) and Thomas W. Epting (ECF No. 15-3).

## II. LEGAL STANDARD AND ANALYSIS

The Copyright Act provides that the court, in its discretion, may award costs and reasonable attorney's fees to the prevailing party. *See Allora, LLC v. Cambridge Builders of Johnston County, Inc.*, 532 F. App'x 349, 351 (4th Cir. 2013) (unpublished) (citing § 505). The Supreme Court has defined a prevailing party as "a party in whose favor a judgment is entered, regardless of the amount of damages awarded." *Id.* (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). In determining whether fees should be awarded, courts consider:

> (1) the motivation of the parties, (2) the objective reasonableness of the legal and factual positions advanced, (3) the need in particular circumstances to advance considerations of compensation and deterrence, and (4) any other relevant factor presented.

*Id.* at 351-52 (quoting *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 505-06 (4th Cir. 1994)) (citation and internal quotation marks omitted); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 234 (4th Cir. 1993).  If a court determines to award attorney's fees, it must then determine the reasonableness of amounts requested by considering the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*SER Solutions, Inc. v. Masco Corp.*, 103 F. App'x 483, 489 (4th Cir. 2004) (quoting *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

Here, Plaintiffs' Petition for Fees and Costs meets the four-prong standard for determining whether fees should be awarded to a prevailing party.  The court's Order granting Plaintiffs' Motion for Default Judgment stated that: "Given the repeated warning from Plaintiffs . . . the court finds Defendant's conduct to be willful."  (ECF No. 13 at 4-5.)  The court reached this conclusion based on the legal and factual positions advanced.  (*See id.* (indicating court's analysis).)  Moreover, Plaintiffs' Motion for Default Judgment indicates that Plaintiffs attempted to resolve this issue through emails, telephone calls, and "cease and desist" letters.  (ECF No. 9.)  The court acknowledged Plaintiffs' attempts and stated: "The court deems an injunction reasonable to prevent future copyright infringements given Defendant's failure to comply with

3

copyright laws in the past despite multiple warnings and reasonable opportunities to do so." (ECF No. 13 at 5.)[1]

As for the amount of the fees and costs, the court's consideration of the *Barber* factors indicates that the amount requested by Plaintiffs is reasonable. Plaintiffs indicate that a total of 12.6 hours were spent on this matter. (ECF Nos. 15-2, 15 at 3 (specifying that 3.9 hours were spent by attorney Bernie W. Ellis at a rate of $325.00 to $335.00 per hour, and that 8.7 hours were spent by paralegal Dana H. Hayes at a rate of $110.00 per hour). Plaintiffs have filed a Declaration from attorney Thomas W. Epting confirming that the rate is a customary fee for like work. (ECF No. 15-3.) Additionally, Plaintiffs indicate that the cost amounts to $497.82, which consists of a filing fee, service for a summons and complaint, postage, and copies. (*Id.*) Having reviewed the remaining *Barber* factors regarding novelty of issues raised, skill required by counsel, counsel's expectation at the outset of the litigation, results obtained and the amount in controversy, experience and reputation of the counsel, nature and length of counsel's relationship with the client, fee awards in similar cases (ECF No. 15-4 (referencing award in a similar case)), and the ability of the parties to pay – the court finds both the rate and the hours to be reasonable.

### III. CONCLUSION

For the following reasons, the court **GRANTS** Plaintiffs' Petition for Fees and Costs (ECF No. 15) in full and awards attorney's fees in the amount of $2,239.50 and costs in the amount of $497.82 -- for a total award of $2,737.32.

**IT IS SO ORDERED.**

---

[1] The court observes that Plaintiffs indicate that there are no other significant factors for the court to consider. (ECF No. 15 at 3.)

5

*J. Michelle Childs*
United States District Judge

August 12, 2015
Columbia, South Carolina

5